VIRGIL DOXTATER, a minor, by Ervin Doxtater, his father and next friend, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

(No. 56406;

First District—October 31, 1972.

Raymond P. Concannon, of Chicago, for appellant.

Querrey, Harrow, Gulanick & Kennedy, of Chicago, (John T. Kennedy, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from plaintiff's Action for Declaratory Judgment, which sought a declaration that the uninsured motor vehicle coverage of Ervin Doxtater covered the injuries incurred by Virgil Doxtater. Plaintiff appeals from the order of the trial court sustaining defendant's motion to strike the complaint and dismiss the cause of action.

The facts of the case are not in dispute. Defendant issued to Ervin Doxtater a policy of automobile insurance bearing effective dates of June 30, 1969, to December 30, 1969. The policy provided bodily injury and property damage liability coverage, medical payments coverage, comprehensive physical damage coverage, death, dismemberment and disability coverage and uninsured motor vehicle coverage. The following policy provisions, which delineate the scope of the uninsured motor vehicle coverage, are pertinent to this appeal:

"COVERAGE U—DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED MOTOR VEHICLES

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

* * *

EXCLUSIONS—SECTION III
THIS INSURANCE DOES NOT APPLY:

* * *

(b) To bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle:

* * *

Insured—The unqualified word "insured" means

(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;

(2) any other person while occupying an insured automobile; and

(3) any person with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above.

\* \* \*

Owned Motor Vehicle—means the motor vehicle or trailer described in the declarations and includes a temporary substitute automobile, a newly acquired automobile, and, provided the described motor vehicle is not classified as 'commercial', under coverages A, B, C and M, a trailer (as defined herein) or a detachable living quarters unit owned by the named insured or his spouse, if a resident of the same household."

On August 24, 1969, Virgil Doxtater, the son of Ervin Doxtater, was injured in a collision between the motorcycle which he was operating and an automobile operated by an uninsured motorist. A claim was filed with defendant under the uninsured motor vehicle coverage recited above. Defendant denied coverage on the ground that Exclusion (b) was applicable to the claim. Plaintiff brought this action for a declaration of coverage. On December 23, 1970, defendant filed a motion to strike the complaint and dismiss the cause, again on the theory that Exclusion (b) precluded coverage under the facts alleged in plaintiff's complaint. The motion was allowed on June 14, 1971, in an order which, on July 1, 1971, was both vacated and reinstated. Plaintiff appeals from that final dismissal.

OPINION

For purposes of this appeal, we shall assume that Virgil Doxtater was an "insured" under the policy of Ervin Doxtater and that the motorcycle which he was operating was not an "owned motor vehicle." Neither party has contended otherwise, although the record is inconclusive as to those matters. Under these assumed facts, it is clear that the claim of Virgil Doxtater falls squarely within Exclusion (b) of the policy. The only issue presented on appeal is whether the limitation on Ervin Doxtater's uninsured motor vehicle coverage, as expressed in Exclusion (b), conflicts with provisions of the Illinois Insurance Code, thus rendering said exclusion null and void.

Our consideration of this matter is framed by the following two sections of the Illinois Insurance Code: *

"755a. Uninsured or hit-and-run motor vehicle coverage] § 143a.

(1) On or after the effective date of this amendatory Act of 1963,

* Ill. Rev. Stat. 1967, ch. 73, pars. 755a & 1054. Paragraph 755a has subsequently been repealed by P.A. 77-1430, § 2, effective January 1, 1972.

no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofore and hereafter amended,[1] for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery prior to July 1, 1967.

\* \* \*

1054. § 442. Validation of Illegally Issued Policies.) Any contract or policy of insurance or any application, endorsement or rider form used in connection therewith issued in violation of any section of this Code requiring certain provisions to be inserted therein or the inclusion of provisions prohibited, or issued without submitting same for approval by the Director in accordance with section 143,[1] shall nevertheless be held valid but shall be construed in accordance with the requirements of the section that the said policy, application, endorsement or rider violates, and when any provision in such contract, application, endorsement or rider is in conflict with any provision of this Code, the rights, and obligations of the company thereunder shall not be less favorable to the holder of the contract and the beneficiary or annuitant thereunder than is required by the provisions of this Code applicable thereto."

It is plaintiff's contention that Section 143a of the Insurance Code requires that uninsured motor vehicle coverage be provided for all "insureds" under an automobile policy, without qualification as to the location of the insured at the time of injury. It is argued that Exclusion (b) of the policy, by denying coverage for injuries incurred while occupying a vehicle not described in the declarations of the policy, effects such an impermissible limitation of coverage. Plaintiff concludes that the subject policy was thus issued in violation of Section 143a of the Insurance Code, necessitating, according to the dictates of Section 442, that the offending policy exclusion be declared null and void and that coverage be allowed. Defendant replies that Section 143a was not intended to require insurance companies to provide uninsured motor vehicle coverage for named

insureds under all circumstances, but only to the extent that the named insureds are exposed to the hazards of uninsured motorists while the insureds occupy the vehicles described and declared in the policy. Defendant suggests that Exclusion (b) is a qualification totally consonant with the letter and spirit of Section 143a and should be enforced.

The facts and issues presented in the case at bar are virtually identical to those presented in *McElyea v. Safeway Insurance Co.*, 131 Ill.App.2d 452, 266 N.E.2d 146, wherein we recently held that an exclusion similar to Exclusion (b) did not conflict with the public policy of Illinois as expressed in Section 143a of the Insurance Code. At the time of that decision we were guided by the somewhat restrictive interpretations placed upon Section 143a by our Supreme Court in the cases of *Putnam v. New Amsterdam Casualty Co.*, 48 Ill.2d 71, 269 N.E.2d 97 and *Ullman v. Wolverine Insurance Co.*, 48 Ill.2d 1, 269 N.E.2d 295. However, subsequent to the decision of *McElyea* our Supreme Court decided the cases of *Barnes v. Powell*, 49 Ill.2d 449, 275 N.E.2d 377 and *Madison County Automobile Insurance Co. v. Goodpasture*, 49 Ill.2d 555, 276 N.E.2d 289, the latter being decided on the authority of the former. In *Barnes* the plaintiff also attacked the validity of a policy exclusion limiting the scope of uninsured motor vehicle coverage. The plaintiff had been injured in a one-car accident while riding in an automobile which she owned but which was being driven at the time by an uninsured motorist. Due to a policy provision, she was unable to recover under the liability portion of her policy. The uninsured motor vehicle provision of plaintiff's policy provided that the insurance company would pay to her all sums which she would be legally entitled to recover as damages from the owner or operator of an "uninsured automobile" because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such "uninsured automobile." An "insured automobile" was defined as an owned automobile used by the insured or "by any other person to whom the named insured has given permission to use such automobile," and an "uninsured automobile" was defined as an automobile for which there is "no bodily injury or liability bond or insurance applicable * * * for the use of such automobile." An express provision prescribed that an "uninsured automobile" did not include an "insured automobile." The issue presented to the court was whether the automobile occupied by plaintiff at the time of the accident was an "uninsured automobile." The majority opinion held in the affirmative. (Chief Justice Underwood and Justice Davis dissented.) The court stated that, since plaintiff was not covered under the liability provisions of her policy, "the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others

the automobile and the driver may have been insured." (49 Ill.2d at 454.) Recognizing a conflict between this interpretation and the policy definition of "uninsured automobile," the court expressed the opinion that the policy definition was unduly restrictive in view of the expansive uninsured motor vehicle coverage mandated by Section 143a of the Insurance Code. Numerous authorities were cited for the proposition that the legislative purpose behind Section 143a was "to assure that compensation will be available to policyholders in the event of injury by an uninsured motorist, to at least the same extent compensation is available for injury by a motorist who is insured in compliance with the Financial Responsibility Law." (49 Ill.2d at 453.) It was further noted that "the intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured and by hit and run motorists, and that this would complement the liability coverage." (49 Ill.2d at 454.) Therefore, it was held that, to the extent that the policy definition conflicted with the breadth of coverage envisioned by the statute, it could be of no force and effect.

■■ Although we recognize that the facts of *Barnes v. Powell* are distinguishable from the facts at bar, we nonetheless cannot overlook the Supreme Court's statements therein regarding the legislative intent behind Section 143a. The expansive interpretation applied by a majority of that court leads us to conclude that, presented with the issue at bar, our Supreme Court would interpret Section 143a of the Insurance Code as a direction to insurance companies to provide uninsured motor vehicle coverage for "insureds," regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy. We note that the highest courts in two other states have recently invoked similar statutory constructions to enforce coverage under facts identical to those at bar. (*State Farm Mutual Automobile Insurance Co. v. Hinkel,* (Nev.), 488 P.2d 1151; *Mullis v. State Farm Mutual Automobile Insurance Co.,* (Fla.) 252 So.2d 229. Contra: *Shipley v. American Standard Insurance Co. of Wisconsin,* 183 Neb. 109, 158 N.E.2d 238; *Owens v. Allied Mutual Insurance Co.,* 15 Ariz.App. 181, 487 P.2d 402. See also *Vantine v. Aetna Casualty & Surety Co.,* (N.D.Ind.) 335 F.Supp. 1296; *Vaught v. State Farm Fire & Casualty Co.,* (8th Cir.) 413 F.2d 539; *Bryant v. State Farm Mutual Automobile Insurance Co.,* 205 Va. 897, 140 S.E.2d 817.

■■■ It is only with great circumspection that we will overturn a ruling of as recent a vintage as *McElyea v. Safeway Insurance Co.* However, as the intermediate court of review in Illinois, we are obligated to adhere to the statutory constructions applied by our Supreme Court and to decide issues in conformity with the logical extensions of such constructions.

Further, as jurists we cannot ignore the weight and trend of authority in jurisdictions outside of Illinois. Accordingly, based on the precedent of *Barnes v. Powell*, 49 Ill.2d 449, 275 N.E.2d 377, as well as on compelling out-of-state precedent, we hold that Exclusion (b) in the insurance policy issued to Ervin Doxtater conflicted with Section 143a of the Insurance Code. By virtue of Section 442 of that Code, said exclusion could be of no force and effect in limiting the Doxtaters' uninsured motor vehicle coverage. (*Hartford Accident and Indemnity Co. v. Holada*, 127 Ill.App.2d 472, 262 N.E.2d 359.) To the extent that the case of *McElyea v. Safeway Insurance Co.*, conflicts with this holding, it is overruled. The trial court erred in striking the complaint and dismissing the cause of action. We reverse and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SCHWARTZ and LEIGHTON, JJ., concur.