539 P.2d 196

**John RODRIQUEZ and Amanda Rodriquez, husband and wife, and Ruben R. Rodriquez, their son, Appellants,**

v.

**MARYLAND INDEMNITY INSURANCE COMPANY, a Foreign Corporation, Appellee.**

**No. 1 CA–CIV 2579.**

Court of Appeals of Arizona,
Division 1,

Department A.

Aug. 14, 1975.

Rehearing Denied Sept. 10, 1975.
Review Denied Oct. 16, 1975.

Douglas S. Stanley, Yuma, for appellants.

Renaud, Cook, Miller & Cordova, P. A. by John H. Seidel, Phoenix, for appellee.

## OPINION

OGG, Presiding Judge.

The plaintiff-appellee Maryland Indemnity Insurance Company brought a declaratory judgment action to determine what coverage applied to the defendants-appellants Rodriquez under an insurance policy issued by the Insurance Company to Rodriquez. The specific question is whether there was coverage under the uninsured motorist provisions of the policy. Both parties moved for summary judgment and the court ruled for the Insurance Company, denying any coverage to Rodriquez un-der the policy. Rodriquez brings this appeal.

The agreed statement of facts are essentially: •

On January 23, 1972, Ruben R. Rodriquez, son of John and Amanda Rodriquez, who resided with his parents, was struck and injured while riding his motorcycle. At the time of the accident Ruben's father was the named insured on an insurance policy which had previously been issued by Maryland Indemnity Company. The policy contained an endorsement providing uninsured motorist coverage. The motorcycle was not listed as an insured automobile under the policy. The automobile that struck Ruben was an uninsured vehicle under the policy. Rodriquez paid an additional $4 premium for each of his three automobiles covered by the uninsured motorist endorsement.

Two issues are presented by this appeal:

1. Is the exclusionary clause in the uninsured motorist portion of the insurance policy valid and binding?

2. If the exclusionary clause is valid and binding does the exclusion of coverage when insured is riding in a non-insured owned automobile also exclude coverage when insured is riding on a non-insured owned motorcycle?

The pertinent portion of the exclusion in the uninsured motorist portion of the policy reads:

"This endorsement does not apply: * * * (b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household · · ·"

The parties agree that under the provisions of § 20–259.01, 7 A.R.S., all insurance companies selling liability insurance must offer coverage to protect against un-

insured motorists. The insured claims the payment of the $4 fee for coverage on any one vehicle gives the insured coverage when injured anytime or anywhere by an uninsured motorist. The charging of another premium for each additional vehicle does nothing to increase the risk or coverage.

The Insurance Company argues that its risk and coverage increases with each additional vehicle owned by a family and that it would be unreasonable to force such coverage unless it is paid an additional premium for each additional vehicle covered under the uninsured motorist endorsement.

We are aware that there is competent authority from other states supporting both positions presented in this argument. Appellee's position: *Holcomb v. Farmers Insurance Exchange,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Barton v. American Family Mutual Insurance Co.,* 485 S.W.2d 628 (Mo.App.1972); *Shipley v. American Standard Insurance Company of Wisconsin,* 183 Neb. 109, 158 N.W.2d 238 (1968).

Appellants' position: *State Farm Mutual Automobile Insurance Company v. Hinkel,* 87 Nev. 478, 488 P.2d 1151 (1971); *Mullis v. State Farm Mutual Automobile Insurance Company,* 252 So.2d 229 (Fla.1971); *Cannon v. American Underwriters, Inc.,* 150 Ind.App. 21, 275 N.E.2d 567 (1971).

This court has had this exact question before it in *Chambers v. Owens,* 22 Ariz. App. 175, 525 P.2d 306 (1974) and in *Owens v. Allied Mutual Insurance Company,* 15 Ariz.App. 181, 487 P.2d 402 (1971). See also *Farmers Insurance Exchange v. Smith,* 15 Ariz.App. 42, 485 P.2d 866 (1971). In these cases we held that there was nothing in the law of Arizona (§ 20–259.01, 7 A.R.S.) that required insurance companies to provide uninsured motorist coverage under one policy to additional vehicles owned by the insured where he elected not to pay the premium for such

coverage. We reasoned that to hold otherwise would allow an insured to purchase one liability policy with uninsured motorist coverage and thereafter have such coverage extended to cover himself and occupants while driving any number of vehicles owned by him without paying any additional premium for this added coverage and risk. Rodriquez argues that the uninsured motorist coverage here covers the insured as an individual similar to a health and accident policy. The Insurance Company maintains that the policy is paid on the vehicle and the coverage follows the vehicle and its occupants. We realize that reasonable minds and courts have differed on the resolution of this question; however, we believe the past decisions on this matter rendered by this court are sound and we are not now persuaded to change them. We therefore hold that the trial court was correct in holding the disputed exclusionary clause to be valid and binding.

■ We turn now to the second question presented. Does the exclusion of coverage when insured is riding in a non-insured owned automobile also exclude coverage when the insured is riding on a non-insured owned motorcycle. In other words, is the term "automobile" as used in the exclusionary clause sufficiently broad to include the motorcycle herein involved which would preclude any recovery under the policy?

The Insurance Company claims it is not liable for an uninsured owned motorcycle by reason of the specific exclusionary clause in the policy which, for clarity, we again quote:

"This endorsement (uninsured motorist coverage) does not apply:

\*    \*    \*    \*    \*    \*

(b) to bodily injury to an insured while occupying an automobile [other than an insured automobile] owned by a named insured or any relative resident in the same household . . ."

The uninsured motorist endorsement to the main automobile liability policy has a definition of an "insured automobile;" the pertinent portion reads:

"(b) 'insured automobile' means an automobile: (1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;"

Since the term "automobile" itself is not defined in the uninsured motorist endorsement we must look to Paragraph IV of the main policy where the term is defined:

"(a) Automobile. Except with respect to division 2 of coverage c and except where stated to the contrary, the word 'automobile' means: (1) Described automobile—the *motor vehicle* or trailer described in this policy." [Emphasis added].

The Arizona uninsured motorist statute, § 20–259.01, A.R.S., uses the term "motor vehicle" when referring to the terms and conditions of coverage under the act. The term "automobile" is not defined in the Arizona statutes. Section 28–122, A.R.S., refers to a "motorcycle" as a "motor vehicle" and § 28–124 defines a "motor vehicle" as any self-propelled vehicle.

If the motorcycle had been listed as an insured "automobile" it would logically fall within the definition portion of the policy and there would be coverage. In our opinion a fair reading of the insurance policy under the laws of this state leads us to the conclusion that the term "automobile," as used in the policy, means a "motor vehicle" which includes a "motorcycle" and that the exclusionary clause prohibits any recovery by the insured under this policy. See *Shipley v. American Standard Insurance Company of Wisconsin*, 238 Neb. 109, 158 N. W.2d 183 (1968).

The judgment of the trial court is affirmed.

DONOFRIO and FROEB, JJ., concur.