Slutes, Browning, Zlaket & Sakrison, P. C. by Thomas A. Zlaket, Tucson, for appellee.

565 P.2d 913

**Carolyn ST. CHARLES, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 2413.**

Court of Appeals of Arizona, Division 2.

June 8, 1977.

OPINION

RICHMOND, Judge.

The trial court in granting summary judgment for appellee interpreted the word "automobile" in an insurance policy exclusion to include a motorcycle. We disagree and reverse.

The facts are undisputed. On October 16, 1975, Joseph Louis St. Charles was fatally injured when his motorcycle was struck by an uninsured automobile. The motorcycle was not specified as an owned vehicle in a policy issued by the appellee-insurer to appellant, surviving spouse of Mr. St. Charles. Allstate refused to pay appellant's claim under the uninsured motorist provisions of the policy on the basis of the following exclusion:

"This Section II does not apply:

 \*  \*  \*  \*  \*  \*

"2. To bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by

**408**

a named insured or any relative resident in the same household, . . .."

Mrs. St. Charles commenced an action seeking a declaratory judgment that the policy afforded coverage for the accident. Both parties moved for summary judgment, the appellee relying on the case of *Rodriquez v. Maryland Indemnity Insurance Co.,* 24 Ariz.App. 392, 539 P.2d 196 (1975). Copies of the Maryland policy in *Rodriquez* and the Allstate policy issued to appellant were stipulated into the record. Judgment in favor of appellee was entered pursuant to the trial court's order granting its motion. This appeal followed.

In *Rodriquez,* Division I of this court looked to the definition of "automobile" contained in the Maryland policy, which read as follows:

" '(a) Automobile. Except with respect to division 2 of coverage c and except where stated to the contrary, the word "automobile" means: (1) Described automobile—the *motor vehicle* or trailer described in this policy.' [Emphasis added]."

24 Ariz.App. at 395, 539 P.2d at 199. From the foregoing, coupled with the reference in A.R.S. § 28–122 to a "motorcycle" as a "motor vehicle" and the definition of a "motor vehicle" in A.R.S. § 28–124 as any self-propelled vehicle, the court concluded that the exclusionary clause in the Maryland policy, which is identical in all material respects to the exclusion in the Allstate policy, prohibited recovery under the circumstances of this case, i. e., where the insured is riding on a non-insured owned motorcycle.

Appellant argues that the result in *Rodriquez* is contrary to public policy and should not be followed [1] but we need not decide that question because we find a significant

difference between the two policies. While the definition of automobile expressly applies throughout the Maryland policy, with two stated exceptions not material to uninsured motorist coverage, the Allstate policy defines "automobile" only in Section I, "Liability Protection," as follows:

> "*Definitions of words used under this Section* 

> &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

> "2. Automobiles Covered
> (a) '*automobile*' means a land motor vehicle designed for use principally upon public roads;"

Although Section II, "Protection Against Bodily Injury by Uninsured Automobiles," contains definitions of "insured," "insured automobile," "uninsured automobile," "hit-and-run automobile," and "underinsured automobile," nowhere does it define "automobile" as "a land motor vehicle designed for use principally upon public roads," either independently or by reference to Section I. By contrast, Section IV, entitled "Medical Expense, Death Indemnity and Disability Income Protection," specifically provides for application "under this Part" of the definitions under Section I.[2]

Thus, while the policy definition in *Rodriquez* was available under the uninsured motorist coverage to expand the term "automobile" to include a "motorcycle" as a "motor vehicle," the uninsured motorist section of the Allstate policy contains no such definition, and therefore *Rodriquez* is inapposite.

Allstate does not contend that "motorcycle" falls within any dictionary definition of "automobile," but argues that there is no difference between use of its definition in the "Liability Protection" section of its policy and the unrestricted policy definition in

---

1. Appellant points out that *Rodriquez* relies on *Owens v. Allied Mutual Insurance Company,* 15 Ariz.App. 181, 487 P.2d 402 (1971), and that three opinions cited in the latter case have since been overruled, leaving Arizona in a dwindling minority. *See Elledge v. Warren,* 263 So.2d 912 (La.App.1972); *Doxtater v. State Farm Mutual Automobile Ins. Co.,* 8 Ill.App.3d 547, 290 N.E.2d 284 (1972); *Mullis v. State*

*Farm Mutual Automobile Ins. Co.,* 252 So.2d 229 (Fla.1971).

2. The complaint contained two counts, seeking a declaration of coverage under Section IV of the policy as well as the uninsured motorists section. Appellant has abandoned her appeal from that portion of the judgment denying coverage under Section IV.

*Rodriquez.* Although the definitions in Section II do not adopt expressly the definition of "automobile" used under the previous section on liability coverage, Allstate maintains it is somehow incorporated by the definition in the uninsured motorist section of "insured automobile," reading as follows:

"*Definitions of Words Used Under this Section*

\* \* \* \* \* \*

"2. '*insured automobile*' means an automobile:

(a) described in the declarations as an insured automobile to which the bodily injury liability coverage of the policy applies;"

By thus referring to "bodily injury liability coverage," Allstate asserts Section II has incorporated the "automobile" definition used under the liability section. The argument ignores the fact that we are not dealing with an "insured automobile" under the uninsured motorist section; indeed, the exclusion on which Allstate relies specifically excepts an "insured automobile."

Nor are we persuaded by cases cited by Allstate in which a motorcycle has been held to be an "uninsured automobile." We would have no difficulty in reaching the same result, because A.R.S. § 20–259.01 requires that coverage be provided, unless rejected, for injury caused to the insured by an uninsured motor vehicle, thereby engrafting the broader definition on "uninsured automobile" where necessary to meet the statutory requirement. For an explanation of this apparent anomaly, *see Safeco Insurance Company of America v. Vieth,* 33 Cal.App.3d 956, 109 Cal.Rptr. 493 (1973), in which the court reached the result we reach here, despite *Voris v. Pacific Indemnity Co.,* 213 Cal.App.2d 29, 28 Cal.Rptr. 328 (1963), holding an uninsured motorcycle to be an "automobile" under a similar statute.

Allstate also argues that its policy must be read as a whole, *Reserve Insurance Company v. Staats,* 9 Ariz.App. 410, 453 P.2d 239 (1969), and thus the definition in Section I must be applied in all other sections. The rule does not require that the insurance contract be re-written, however, and the

definition of "automobile" expressly provided for use in Section I and adopted in Section IV has no application to the other sections. *See Guillory v. Deshotel,* 251 So.2d 91 (La.App.1971).

Reversed with directions to enter judgment in favor of appellant.

HOWARD, C. J., and HATHAWAY, J., concur.