697 P.2d 707

Jack CALVERT, Plaintiff/Appellant,

v.

FARMERS INSURANCE COMPANY OF ARIZONA, Defendant/Appellee.

No. 2 CA–CIV 5066.

Court of Appeals of Arizona, Division 2.

July 11, 1984.

Miller & Pitt, P.C. by John L. Tully, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

Does the "other vehicle" exclusion to the uninsured motorist coverage provided by the Farmers Insurance Company of Arizona (Farmers) insurance policy violate the public policy underlying Arizona's uninsured motorist statute, A.R.S. § 20–259.01? Appellant acknowledges that the question raised in this declaratory judgment action has been answered adversely to his position by Division One of the Court of Appeals in *Owens v. Allied Mutual Insurance Company,* 15 Ariz.App. 181, 487 P.2d 402 (1971), but suggests that *Owens* is incorrect and should not be followed. We agree with his position and reverse.

The facts stipulated to by the parties disclose that on January 3, 1983, Michael Calvert, age 18, was injured when the motorcycle he was driving was struck by an uninsured automobile negligently driven by Michael Padilla. Michael Calvert died from his injuries. Jack Calvert, Michael's father and plaintiff in this action, was, at the time of the accident, the named insured under a motor vehicle liability insurance policy issued by the defendant, Farmers. Michael was a resident of his father's household at the time of the accident and, consequently, was an "insured person" under the terms of the uninsured motorist coverage of the Farmers policy.

The motorcycle Michael was operating was either owned by himself or by his father. It was not specified as an owned vehicle in the policy. Jack Calvert's insurance policy contained $30,000 in uninsured motorist coverage. Part II of the policy deals with uninsured motorist coverage. The policy provides:

"We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle."

"As used in this Part:

1. Insured person means:

a. You or a family member.

b. Any other person while occupying your insured car."

"This coverage does not apply to bodily injury sustained by a person:

1. While occupying a motor vehicle owned by you or a family member for which insurance is not afforded under this policy or through being struck by that motor vehicle."

After his son's death, Jack Calvert submitted a claim to Farmers for uninsured motorist benefits. Farmers denied the claim on the basis of the "other vehicle" exclusion which, as previously specified, precludes uninsured motorist coverage for an insured who is injured while operating a vehicle which is owned by the named insured or another family member, but is not

covered by the liability coverage of the policy.

The exact issue before us was first considered in Arizona in *Owens v. Allied Mutual Insurance Company,* supra. There, the insured owned two vehicles, one was insured and the other was not. He was injured while operating the uninsured vehicle and claimed uninsured motorist coverage under the policy that covered the insured vehicle. The policy language, including the "other vehicle" exclusion, was substantially the same as that before us. The insured there made the same argument that is presented to us, i.e., that the exclusion was invalid since the statute mandates uninsured motorist coverage for the insured even though he might be driving an uninsured self-owned automobile. The court held that the statute does not require an insurer to extend uninsured motorist protection to a policyholder while driving his own uninsured vehicle. The court concluded that to hold otherwise would permit an insured to purchase one liability policy on one owned vehicle and thereafter claim uninsured motorist coverage while driving any number of uninsured vehicles, also owned by him. Division One adhered to the same public policy view expressed in *Chambers v. Owen,* 22 Ariz.App. 175, 525 P.2d 306 (1975), and in *Rodriguez v. Maryland Indemnity Insurance Company,* 24 Ariz.App. 392, 539 P.2d 196 (1975).

■ Arizona's Uninsured Motorist statute, A.R.S. § 20–259.01, mandates broad protection for insureds against the risk of injuries resulting from the negligence of uninsured motorists. The statute provides:

"§ 20–259.01. Motor vehicle liability policy; uninsurance required; underinsurance optional; definitions; subrogation
A. No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in the policy or supplemental to the policy, in limits for bodily injury or death prescribed in subsection B of this section, but not less than the limits prescribed in § 28–1102, under provisions filed with and approved by the director, for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. For the purposes of the coverage provided for pursuant to this section, 'uninsured motor vehicles', subject to the terms and conditions of such coverage, includes any insured motor vehicle if the liability insurer of the vehicle is unable to make payment on the liability of its insured, within the limits of the coverage, because of insolvency.
B. Every insurer writing automobile liability or motor vehicle liability policies, as provided in subsection A of this section, shall also make available to the named insured thereunder and by written notice offer the insured and at the request of the insured shall include within the policy uninsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. The offer need not be made in the event of the reinstatement of a lapsed policy or the transfer, substitution, modification or renewal of an existing policy. At the request of the insured, the insured may purchase and the insurer shall then include within the policy uninsured motorist coverage which extends to and covers all persons insured under the policy in any amount up to the liability limits for bodily injury or death contained within the policy but not less than the limits prescribed in subsection A of this section."

■ The statute, in effect, supplements the Financial Responsibility Act and opens to insureds the option of protecting themselves from financially irresponsible

motorists through uninsured motorist insurance. *Chase v. State Farm Mut. Auto. Ins. Co.*, 131 Ariz. 461, 641 P.2d 1305 (App. 1982). As stated in *Dairyland Ins. Co. v. Lopez*, 22 Ariz.App. 309, 526 P.2d 1264 (1974):

"The uninsured motorist statute establishes in this state a public policy that every insured is entitled to recover the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability in a solvent company." 22 Ariz.App. at 310, 526 P.2d 1264.

The uninsured motorist statute makes no prerequisite to coverage that recovery only be available while in an insured vehicle.

■ The exclusion of coverage relied on by Farmers narrows the coverage mandated by the statute. The insurance policy is a contract and must be read in light of any controlling statutes. *Balboa Insurance Company v. State Farm Mutual Automobile Insurance Co.*, 17 Ariz.App. 157, 496 P.2d 147 (1972). To give effect to the exclusion would diminish what the statute unreservedly has given and allow a gap in coverage which is inconsistent with the purpose of the statute. *Chavez v. State Farm Mutual Auto. Ins. Co.*, 87 N.M. 327, 533 P.2d 100 (1975).

■ The uninsured motorist statute was intended by the legislature to enable the insured to recover damages as though the uninsured motorist were financially responsible. Accordingly, the statute protects "persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." In *Elledge v. Warren*, 263 So.2d 912 (La.App. 1972), the court construed a statute substantially the same as ours, stating:

"There is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer. The uninsured motorist protection covers the insured and the family members while riding in uninsured vehicles, while riding in commercial vehicles, while pedestrians or while rocking on the front porch." 263 So.2d at 918. As we noted in *St. Charles v. Allstate Insurance Company*, 115 Ariz. 407,

565 P.2d 913 (App.1977), *Owens v. Allied Mutual Insurance Company*, supra, and its progeny places us "in a dwindling minority" of jurisdictions which uphold the validity of the exclusion. 115 Ariz. at 408, 565 P.2d 913, footnote 1. Appellant calls into question the viability of *Owens* since the three cases from other jurisdictions relied upon in support of its holding have been overruled.[1] The court's concern in

---

1. *Rushing v. Allstate Insurance Company*, 216 So.2d 875 (La.App.1968), was overruled by *Elledge v. Warren*, supra. *National Union Indemnity Co. v. Hodges*, 238 So.2d 673 (Fla.App.1970), was overruled in *Mullis v. State Farm Mutual Automobile Insurance Co.*, 252 So.2d 229 (Fla. 1971). *McElyea v. Safeway Insurance Co.*, 131 Ill.App.2d 452, 266 N.E.2d 146 (Ill.App.1970), was overruled in *Doxtater v. State Farm Mutual Automobile Insurance Co.*, 8 Ill.App.3d 547, 290 N.E.2d 284 (1972).

Courts that have held the "owned by uninsured motor vehicle" exclusion to violate public policy under various uninsured motorist statutes include:

*State Farm Automobile Insurance Company v. Reaves*, 292 Ala. 218, 292 So.2d 95 (1974); *Aetna Ins. Co. v. Hurst*, 2 Cal.App.3d 1067, 83 Cal.Rptr. 156 (1969) [The California legislature has since amended the California statute to permit this type of exclusion]; *Bass v. State Farm Mutual Automobile Insurance Company*, 128 Ga.App. 285, 196 S.E.2d 485 (1973); *All-*

*state Insurance Company v. Morgan*, 59 Haw. 44, 575 P.2d 477 (1978); *State Farm Mutual Automobile Insurance Company v. Robertson*, 156 Ind.App. 149, 295 N.E.2d 626 (1973); *Barnett v. Crosby*, 5 Kan.App.2d 98, 612 P.2d 1250 (1980); *Pennsylvania National Mutual Casualty Insurance Company v. Gartelman*, 18 A.L. R.4th 623, 288 Md. 151, 416 A.2d 734 (App. 1980); *Bradley v. Mid-Century Insurance Company*, 409 Mich. 1, 294 N.W.2d 141 (1980); *Nygaard v. State Farm Mutual Automobile Insurance Company*, 301 Minn. 10, 221 N.W.2d 151 (1974); *Otto v. Farmers Insurance Company*, 558 S.W.2d 713 (Mo.App.1977); *Lowery v. State Farm Mutual Automobile Ins. Co.*, 285 So.2d 767 (Miss.1973); *Jacobson v. Implement Dealers Mutual Insurance Company*, 640 P.2d 908 (Mont.1982); *State Farm Mutual Automobile Insurance Company v. Hinkel*, 87 Nev. 478, 488 P.2d 1151 (1971); *Beek v. Ohio Casualty Insurance Company*, 73 N.J. 185, 373 A.2d 654 (1977), affirming the lower court decision reported at 135 N.J.Super. 1, 342 A.2d 547

**318**

*Owens* that an insured could purchase one liability insurance policy on one owned vehicle and thereafter claim uninsured motorist coverage on other owned, but uninsured vehicles, is somewhat allayed by the present mandatory coverage requirement. A.R.S. § 28–1251, et seq.

█ We disagree with Division One decisions upholding validity of the exclusion in question and decline to follow them. *Martinez v. Caldwell*, 25 Ariz.App. 253, 542 P.2d 1133 (1975). We hold that the other vehicle exclusion violates the public policy underlying Arizona's uninsured motorist statute and is void, and direct that judgment be entered in favor of appellant. The appellant is awarded costs and attorneys fees on appeal.

BIRDSALL, C.J., and HOWARD, J., concur.

(App.1975); *Cothern v. Emcasco Insurance Company*, 555 P.2d 1037 (Okla.1976); *State Farm Mutual Insurance Company v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978); *Hogan v. Home Insurance Company*, 260 S.C. 157, 194 S.E.2d 890 (1973); *Stephens v. State Farm Mutual Automobile Insurance Company*, 508 F.2d 1363 (5th Cir.1975); contra *Garcia v. Southern Farm Bureau Casualty Company*, 490 S.W.2d 616 (Tex.Civ.App.1973); *Allstate Insurance Company v. Meeks*, 207 Va. 897, 153 S.E.2d 222 (1967); *Touchette v. Northwestern Mutual Insurance Company*, 80 Wash.2d 327, 494 P.2d 479 (1972); *Bell v. State Farm Mutual Automobile Insurance Company*, 157 W.Va. 623, 207 S.E.2d 147 (1974). For a general discussion of this and related matters, see Annot., 30 A.L.R.4th 172 (1984).