697 P.2d 684

**Jack CALVERT, Plaintiff/Appellant,**

v.

**FARMERS INSURANCE COMPANY OF ARIZONA, Defendant/Appellee.**

**No. 17675–PR.**

Supreme Court of Arizona,
In Banc.

March 13, 1985.

Miller & Pitt by John L. Tully, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellee.

GORDON, Vice Chief Justice:

Farmers Insurance Company of Arizona (defendant) petitioned this Court for review of the decision of the Court of Appeals, *Calvert v. Farmers Insurance Company of Arizona,* 144 Ariz. 314, 697 P.2d 707 (1984) which struck down an "other vehicle" exclusion clause as violative of the public policy underlying Arizona's Uninsured Motorists Act (hereafter referred to

as the "Act" or "Statute"), A.R.S. § 20–259.01. We granted review in this case to settle a conflict in the Court of Appeals decisions concerning the validity of "other vehicle" exclusion clauses in uninsured motorist coverage. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23.

The facts in this case are not in dispute. On January 3, 1983, Michael Calvert, age 18, while operating a motorcycle was struck and fatally injured by an uninsured motor vehicle. The collision was caused by the negligence of the uninsured motorist. At the time of the accident, Jack Calvert, Michael's father and plaintiff in this case, was the named insured under a motor vehicle liability insurance policy issued by Farmers Insurance Company of Arizona (hereafter referred to as "Farmers").

Subsequent to his son's death, Jack Calvert made a claim upon Farmers for uninsured motorist benefits. Calvert's insurance policy contained $30,000 in uninsured motorist coverage. Part II of the policy states the coverage for uninsured motorist:

"We will pay *damages* for *bodily injury* which an *insured person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle.* The *bodily injury* must be caused by *accident* and arise out of the ownership, maintenance or use of the *uninsured motor vehicle.*" (emphasis in original)

Michael Calvert was a resident of his father's household at the time of the accident and consequently an "insured person" under the terms of the Farmers' uninsured motorist coverage:

"As used in this Part:
"1. *Insured person* means:
"a. You or a *family member.*[1]
"b. Any other person while *occupying your insured car.*
* * * " (emphasis in original.)

Farmers conceded that Michael was an insured under the policy but denied Jack

---

1. The policy defines "family member" as a person related to [the named insured] by blood, marriage or adoption who is a resident of [named insured] household, including a ward or foster child.

Calvert's claim for uninsured motorist benefits on the basis of an "other vehicle" exclusion clause contained in the uninsured motorist section of the policy, which reads:

"This coverage does not apply to *bodily injury* sustained by a person:

"1. While *occupying* a *motor vehicle* owned by you or a *family member* for which insurance is not afforded under this policy or through being struck by that *motor vehicle.*" (emphasis in original)

Farmers took the position that the exclusion applied because Michael Calvert sustained his fatal injuries while driving a motorcycle that was owned by either Michael or his father but that was not insured under the policy.

A short time later, Jack Calvert brought a Declaratory Judgment action against Farmers seeking a declaration that the "other vehicle" exclusion clause contained in the uninsured motorist coverage was invalid and unenforceable. The parties filed cross motions for summary judgment. Concluding that the policy did not provide uninsured motorist coverage for the accident in this case, the trial court granted Farmers' motion for summary judgment and denied plaintiff's. The Court of Appeals reversed, holding that the "other vehicle" exclusion clause in the Farmers' insurance policy violated the public policy underlying Arizona's Uninsured Motorist Statute, A.R.S. § 20–259.01.

We agree with the Court of Appeals that the Farmers' "other vehicle" exclusionary provision contravenes the policy underlying our uninsured motorist statute. We vacate the Court of Appeals' opinion, however, to fully explain our reasoning.

The problems caused by the financially irresponsible and uninsured motorist date back to the advent of the mass produced automobile and ultimately prompted our Legislature to enact the Uninsured Motorist Act, A.R.S. § 20–259.01. *See* Austin & Risjord, *The Problem of the Financially Irresponsible Motorist*, 24 U.Kansas City L.Rev. 82 (1955); Ward, *The Uninsured Motorist: National and International*

*Protection Presently Available and Comparative Problems in Substantial Similarity*, 9 Buffalo L.Rev. 283–320 (1960); Murphy & Netherton, *Public Responsibility and Uninsured Motorist*, 47 Georgetown L.J. 700 (1959); Collins, *Implementation of Public Policy Against the Financially Irresponsible Motorist*, 19 Brooklyn L.Rev. 11 (1952); *see also* A. Widiss, A Guide to Uninsured Motorist Coverage (1969). Consequently, our Uninsured Motorist statute mandates that coverage be provided to insure against bodily injury caused by uninsured motorists:

**"§ 20–259.01. Motor vehicle liability policy; uninsurance required; underinsurance optional; definitions; subrogation**

"A. No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in the policy or supplemental to the policy, in limits for bodily injury or death prescribed in subsection B of this section, but not less than the limits prescribed in § 28–1102, under provisions filed with and approved by the director, for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. For the purposes of the coverage provided for pursuant to this section, 'uninsured motor vehicles', subject to the terms and conditions of such coverage, includes any insured motor vehicle if the liability insurer of the vehicle is unable to make payment on the liability of its insured, within the limits of the coverage, because of insolvency."

Since § 20–259.01 controls the uninsured motorist protection mandated in Arizona, to resolve this case we must interpret this

statute and determine whether it authorizes an "other vehicle" exclusion. This is a matter of statutory construction.

■ The cardinal rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. *Phoenix Title & Trust Co. v. Burns,* 96 Ariz. 332, 395 P.2d 532 (1964); *Payne v. Knox,* 94 Ariz. 380, 385 P.2d 514 (1963). In determining the Legislature's intent in enacting a statute, this Court will look to the policy behind the statute and the evil which it was designed to remedy. *Cohen v. State,* 121 Ariz. 6, 588 P.2d 299 (1978); *City of Mesa v. Salt River Project Agr. Imp. & Power District,* 92 Ariz. 91, 373. P.2d 722 (1962). Additionally, we will look to the words, context, subject matter, and effects and consequences of the statute. *State ex rel. Flournoy v. Mangum,* 113 Ariz. 151, 548 P.2d 1148 (1976).

■ Our uninsured motorist statute establishes a public policy that every insured is entitled to recover damages he or she would have been able to recover if the uninsured had maintained a policy of liability insurance in a solvent company. *Transportation Ins. Co. v. Wade,* 106 Ariz. 269, 475 P.2d 253 (1970); *Dairyland Ins. Co. v. Lopez,* 22 Ariz.App. 309, 526 P.2d 1264 (1974). The statute is remedial, and should be liberally construed in order to carry out the intent of the Legislature. *Williams v. Williams,* 23 Ariz.App. 191, 531 P.2d 924 (1975); *Reserve Ins. Co. v. Staats,* 9 Ariz. App. 410, 453 P.2d 239 (1969). The purpose of the statute is to afford protection to victims of financially irresponsible drivers. *Evenchik v. State Farm Ins. Co.,* 139 Ariz. 453, 679 P.2d 99 (App.1984); *see Geyer v. Reserve Ins. Co.,* 8 Ariz.App. 464, 447 P.2d 556 (1968).

■ We believe that the exclusion provision in this case contravenes the public policy underlying the Uninsured Motorist Act. The Act mandates that every policy issued have at least the minimum limits for uninsured motorist protection. In Arizona, such coverage is not voluntary as in other jurisdictions. Furthermore, the statute does not contain numerous exceptions to coverage as in the uninsured motorist statutes of other jurisdictions.

The only exception to the mandatory requirement of uninsured motorist protection under the Act is contained in A.R.S. § 20-259.01(D), which expressly excludes vehicles "used as public or livery conveyances or rented to others or which are used in the business primarily to transport property or equipment." If the Legislature had intended to include additional exclusions, such as an "other vehicle" exclusion, it would have expressly done so. *Cf. McClellan v. Sentry Indemnity Co.,* 140 Ariz. 558, 683 P.2d 757 (App.1984) (government owned vehicle exclusion).

Consequently, because of the strong public policy mandating coverage for innocent victims from tragic negligent acts of uninsureds, we will not construe the uninsured motorist statute to reduce coverage when it is silent on "other vehicle" exclusions. This conclusion is in accord with the vast majority of jurisdictions that have dealt with this issue. About twenty-six states have held that an "other vehicle" exclusion clause similar to the one herein violates the public policy underlying their respective uninsured motorist statutes. *See Richards v. State Farm Mut. Auto. Ins. Co.,* 122 Wis.2d 172, 361 N.W.2d 680 (1985); *Lindahl v. Howe,* 345 N.W.2d 548 (Iowa 1984); *Harvey v. Travelers Indem. Co.,* 188 Conn. 245, 449 A.2d 157 (1982); *Jacobson v. Implement Dealer Mut. Ins. Co.,* 640 P.2d 908 (Mont.1982); *Bradley v. Mid-Century Ins. Co.,* 409 Mich. 1, 294 N.W.2d 141 (1980); *State Farm Mut. Auto. Ins. Co. v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978); *Kau v. State Farm Mut. Auto. Ins. Co.,* 58 Hawaii 49, 564 P.2d 443 (1977); *Beek v. Ohio Casualty Ins. Co.,* 73 N.J. 185, 373 A.2d 654 (1977), affirming the lower court decision reported at 135 N.J.Super. 1, 342 A.2d 547 (App.Div.1975); *Cothren v. Emcasco Ins. Co.,* 555 P.2d 1037 (Okla.1976); *Chavez v. State Farm Mut. Auto. Ins. Co.,* 87 N.M. 327, 533 P.2d 100 (1975); *Nygaard v. State Farm Mut. Auto. Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974); *Bell v. State Farm Mut. Auto. Ins. Co.,*

157 W.Va. 623, 207 S.E.2d 147 (1974); *State Farm Auto. Ins. Co. v. Reaves,* 292 Ala. 218, 292 So.2d 95 (1974); *Hogan v. Home Ins. Co.,* 260 S.C. 157, 194 S.E.2d 890 (1973); *Lowery v. State Farm Mut. Auto. Ins. Co.,* 285 So.2d 767 (Miss.1973); *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wash.2d 327, 494 P.2d 479 (1972); *State Farm Mut. Auto. Ins. Co. v. Hinkel,* 87 Nev. 478, 488 P.2d 1151 (1971); *Mullis v. State Farm Mut. Auto. Ins. Co.,* 252 So.2d 229 (Fla.1971); *Allstate Ins. Co. v. Meeks,* 207 Va. 897, 153 S.E.2d 222 (1967); *Barnett v. Crosby,* 5 Kan.App.2d 98, 612 P.2d 1250 (1980); *Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Gartelman,* 288 Md. 151, 416 A.2d 734 (App.1980); *Otto v. Farmers Ins. Co.,* 558 S.W.2d 713 (Mo.App.1977); *State Farm Mut. Auto. Ins. Co. v. Robertson,* 156 Ind.App. 149, 295 N.E.2d 626 (1973); *Bass v. State Farm Mut. Auto. Ins. Co.,* 128 Ga.App. 285, 196 S.E.2d 485, *aff'd.* 231 Ga. 269, 201 S.E.2d 444 (1973); *Elledge v. Warren,* 263 So.2d 912 (La.App. 1972); *Doxtater v. State Farm Mut. Auto. Ins. Co.,* 8 Ill.App.3d 547, 290 N.E.2d 284 (1972); *Aetna Ins. Co. v. Hurst,* 2 Cal. App.3d 1067, 83 Cal.Rptr. 156 (1969) (The California legislature has since amended the California statute to permit this type of exclusion, *see* Cal.Ins.Code § 11580.2 (West Supp.1984)); *Stephens v. State Farm Mut. Auto. Ins. Co.,* 508 F.2d 1363 (5th Cir. 1975); *see also* A. Widiss, A Guide to Uninsured Motorist Coverage, § 2.9 (1969 & Supp.1981); Annot., 30 A.L.R.4th 172 (1984). We have carefully read these cases, and although the uninsured motorist statutes of the other states are not identical to the Arizona statute, we can find no important distinction among them. We find these cases highly persuasive.

Farmers relies on a Court of Appeals decision, *Owens v. Allied Mutual Insurance Company,* 15 Ariz.App. 181, 487 P.2d 402 (1971), which found an "other vehicle" exclusion clause to be reasonable. We find the reasoning supporting this decision unpersuasive.[2]

First, the three cases relied upon by the court in *Owens* have subsequently been effectively overruled: *Rushing v. Allstate Ins. Co.,* 216 So.2d 875 (La.App.1968) overruled by *Elledge v. Warren, supra; National Union Indem. Co. v. Hodges,* 238 So.2d 673 (Fla.App.1970) overruled by *Mullis v. State Farm Mut. Auto. Ins. Co., supra; McElyea v. Safeway Ins. Co.,* 131 Ill.App.2d 452, 266 N.E.2d 146 (1970) overruled by *Doxtator v. State Farm Mut. Auto. Ins. Co., supra.* These jurisdictions are now aligned with the majority, which consider "other vehicle" exclusion clauses invalid.

Second, the Court of Appeals found "nothing in the statute which prevents an insurer from withholding protection from an insured while he is driving an uninsured vehicle owned by him." We believe, however, that the statute's silence on "other vehicle" exclusions militates against the validity of such an exclusion.

The purpose of our statute is to close the gap in protection under the Safety Responsibility Act, A.R.S. § 28–1101 *et seq.,* by requiring insurance companies issuing automobile liability policies to provide the insured with financial protection against uninsured motorists for bodily injury suffered due to the negligence of such individuals. *Chase v. State Farm Mut. Auto. Ins. Co.,* 131 Ariz. 461, 641 P.2d 1305 (App. 1982); *Balestrieri v. Hartford Acc. & Indem. Ins. Co.,* 22 Ariz.App. 255, 526 P.2d 779 (1974). The statute does not contemplate a piecemeal whittling away at the liability protection for injuries caused by uninsured motorists. *See Touchette v. Northwestern Mut. Ins. Co., supra; Mullis v. State Farm Mut. Auto. Ins. Co., supra; State Farm Mut. Auto. Ins. Co. v. Hinkel, supra; Allstate Ins. Co. v. Meeks, supra.* As noted above, an express provision in § 20–259.01 authorizing "other vehicle" exclusions in uninsured motorist coverage could easily have been incorporated

---

**2.** Additionally, Farmers relies on *Chambers v. Owens,* 22 Ariz.App. 175, 525 P.2d 306 (1974) and *Rodriguez v. Maryland Indem. Ins. Co.,* 24 Ariz.App. 392, 539 P.2d 196 (1975) which are the progeny of *Owens* and based on the same reasoning. Our disposal of *Owens* disposes of these two cases also.

into the statute by the Legislature. Thus, we will leave the matter to the Legislature to expressly authorize an "other owned" vehicle exclusion in the statute. *Cf. State Farm Mut. Auto. Ins. Co. v. Hinkel, supra; Aetna Ins. Co. v. Hurst, supra.*[3]

Third, the Court of Appeals concluded that, without the exclusion, an insured would be able to purchase one liability policy on one owned vehicle and claim uninsured motorist protection for himself and others while driving any number of other uninsured automobiles also owned by him. Initially we note that the same argument has been made in other cases and rejected. *See Nygaard v. State Farm Mut. Auto. Ins. Co., supra; Elledge v. Warren, supra; State Farm Mut. Auto. Ins. Co. v. Hinkel, supra. See also* A. Widiss, A Guide to Uninsured Motorist Coverage § 2.9 (1969). The court in *Hinkel,* in construing Nevada's uninsured motorist statute, answered this argument, stating:

"If our Legislature had intended to prevent an owner of two motor vehicles from paying for insurance on only one and recovering benefits for his injuries sustained while operating the other, it could have followed the lead of the legislatures in some of the other jurisdictions and limited the coverage by providing that N.R.S. 693.115(1) did not apply to bodily injury suffered by the insured while occupying a motor vehicle owned by him, unless the occupied vehicle was an insured motor vehicle. Such an amendment would be the prerogative and responsibility of the legislature and not the function of this court."

87 Nev. at 483, 488 P.2d at 1154.

Furthermore, our Uninsured Motorist Act was created "for the protection of persons," and not for the protection of the insured vehicle. A.R.S. § 20–259.01. *See Harvey v. Travelers Indem. Co., supra; Bradley v. Mid-Century Ins. Co., supra;*

*Otto v. Farmers Ins. Co., supra.* This Court recognized this fact in *Wade,* stating:

"The Legislature intended the Financial Responsibility Act to protect the general public against the individual, financially irresponsible motorist. On the other hand the Uninsured Motorist law compels the carriers to provide economic *protection for the insured individual* against the financially irresponsible segment of the driving public. The former is for the public in general and the latter for the individuals who have the foresight to protect themselves against the public." (emphasis added)

106 Ariz. at 273; 475 P.2d at 257. There is nothing in our uninsured motorist statute which limits coverage depending on the location or status of the insured. Thus, our uninsured motorist protection is portable. The insured and family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot,[4] when on a bicycle or when sitting on a porch. *Bradley v. Mid-Century Ins. Co., supra; Mullis v. State Farm Mut. Auto. Ins. Co., supra; Elledge v. Warren, supra; Jacobson v. Implement Dealer Mut. Ins. Co., supra; Richards v. State Farm Mut. Auto. Ins. Co., supra.* Any gaps in uninsured motorist protection dependent on location of the insured should be sanctioned by the Legislature and not by this Court.

Farmers contends that the Legislature has impliedly approved of the judicial interpretation of "other vehicle" exclusions by *Owens* and progeny by reenacting the Uninsured Motorist Act in substantially the same language with knowledge of the holdings of these cases. Farmers cites for this proposition *Cagle v. Butcher,* 118 Ariz. 122, 575 P.2d 321 (1978) and *Jackson v. Northland Construction Co.,* 111 Ariz. 387, 531 P.2d 144 (1975). *Cagle* and *Jackson* state that when a statute construed by

---

3. The Court of Appeals also noted that the exclusionary clause had been filed with and approved by the Insurance Director pursuant to A.R.S. § 20–259.01. Such acquiescence, however, does not divest this Court of its duty to give the statute its ultimate authoritative interpretation. *See Lindahl v. Howe, supra.*

4. We note that the illustration in the Farmers' policy directly below the heading "Uninsured Motorist Coverage" depicts an injured pedestrian sprawled on the road after being struck by what appears to be a hit and run automobile, an *uninsured* motor vehicle.

a court of last resort is reenacted in substantially the same terms, the Legislature is presumed to have approved the judicial construction and to have adopted such construction for the reenactment of the statute. *Owens* and progeny, however, were decided by the Court of Appeals, and not the court of last resort in this state, the Arizona Supreme Court. Thus, this principle has no application to the case at bar.[5]

Furthermore, that the Legislature has amended the statute does not mean the Legislature has considered and adopted the court's judicial interpretation concerning the statute. There is no indication of any legislative action concerning other vehicle exclusions. We have searched the general index for the House and Senate for a bill introduced to the Legislature since the enactment of the Uninsured Motorist Act concerning other vehicle exclusions and have found none. *See* General Index: The Journal of the House of Representatives (1965–84); General Index: Journal of the Senate (1965–84); *Cf. Hosogai v. Kadata*, 145 Ariz. 227, 700 P.2d 1327 (1985). We can only infer from the legislative action taken since the inception of the Act that the Legislature has considerable concern regarding the uncompensated injuries inflicted by the uninsured motorist. This inference is compelled by several legislative amendments to § 20–259.01 which effectively expand rather than limit the scope of coverage provided by the Act. *Cf. Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983) (legislative enactment of A.R.S. § 4–244 and of new and stringent laws pertaining to the punishment of drunk drivers shows legislature's concern for damage done by drunk drivers); *Brannigan v. Raybuck*, 136 Ariz. 513, 516, 667 P.2d 213 (1983) (accord). In 1970, the Act was amended to cover insureds injured by motorists whose vehicles were uninsured by reason of insolvency, thus increasing the class of uninsured vehicles. 1970 Ariz.Sess.Laws 195, ch. 80 § 1. In 1972, the Act was amended making uninsured motorist protection mandatory,

1972 Ariz.Sess.Law 1140, ch. 157 § 1, and in 1981, "underinsured motorist" protection was added. 1981 Ariz.Sess.Law 731, ch. 224 § 1. We, therefore, must construe the Act until such a time as the Legislature sees fit to voice an opinion on the subject matter.

We hold that the exclusion denying coverage to an insured injured by an uninsured motorist while the insured is occupying a vehicle owned by the insured but not listed in the policy is invalid as being contrary to the coverage mandated by A.R.S. § 20–259.01. The opinion of the Court of Appeals is vacated. The *Owens, Chambers* and *Rodriguez* cases are overruled. This case is reversed and remanded to the trial court for proceedings consistent with this opinion.

HOLOHAN, C.J., and HAYS and CAMERON, JJ., concur.

Note: Justice STANLEY G. FELDMAN did not participate in the determination of this matter.

---

5. Although the Petition for Review was denied in both *Chambers* and *Rodriguez,* such a denial of review does not mean we accepted the Court of Appeals' legal analysis or conclusion in those cases. Denial of a petition for review has no precedential value.