Alan D. HILL, b/n/f Ronald G. Hill, and Ronald G. Hill, Individually, Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

Supreme Court of Tennessee.

March 15, 1976.

James A. Ridley, III, Knoxville (Kramer, Johnson, Rayson, Greenwood & McVeigh, Knoxville, of counsel), for appellants.

Jerry A. Farmer, Knoxville (Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, of counsel), for appellee.

## OPINION

HARBISON, Justice.

This case involves the validity of an exclusion in the uninsured motorist provisions of an automobile insurance policy. The trial court upheld the exclusion against a contention that it conflicts with the uninsured motorist statutes of the state.

The facts of the case are stipulated. The suit arises out of an accident which occurred on September 5, 1973, when a motorcycle driven by appellant Alan D. Hill collided with an automobile owned by Mary E. Troutt and operated by her husband, Edgar L. Troutt.

At the time of the accident Alan D. Hill was a minor, fifteen years of age. The motorcycle which he was operating was titled in the name of his older brother, Randell G. Hill. The two brothers lived in the home of their parents, Mr. and Mrs. Ronald G. Hill.

Appellants Alan D. Hill and his father sued Mr. and Mrs. Troutt and recovered a judgment against them, which is outstanding and unpaid.

Mr. and Mrs. Troutt had no liability insurance on their automobile. The appellants are claiming coverage under a liability policy issued to appellant Ronald G. Hill on his family automobiles, up to the policy limit of ten thousand dollars.

On the date of the accident, Mr. Hill held a liability insurance policy issued by appellee covering two scheduled automobiles. This policy contained uninsured motorist coverage as required by the Tennessee statutes, T.C.A. §§ 56–1148 et seq. This coverage, referred to in the policy as "Family

Protection Coverage", extends to the named insured, Mr. Hill, and, while residing in the same household, his spouse and relatives. His younger son, Alan, therefore, was within the general coverage of the family automobile policy, subject to its terms and conditions.

Under the stipulated facts, the motorcycle which Alan was operating was not listed upon or covered with liability insurance under the policy issued by appellee. It was titled in the name of Alan's older brother, but was actually scheduled upon and covered by a separate liability insurance policy, issued to Mr. Hill by another company. The stipulation shows that Mr. Hill had expressly rejected uninsured motorist insurance coverage in connection with the policy covering the motorcycle. There seems to be little question but that Alan D. Hill was covered with liability insurance while operating his brother's motorcycle, under this separate policy, but there was no uninsured motorist protection provided to anyone under that policy.

Contained in the uninsured motorist provisions of the family automobile policy are four exclusions from coverage, only one of which is pertinent here. The exclusion relied upon by appellee in the present case is as follows:

"This endorsement does not apply: . . . (b) to bodily injury to an Insured while occupying a land motor vehicle (other than an insured land motor vehicle) owned by a Named Insured or any relative resident in the same household . . . ."

It is conceded that the motorcycle being operated by Alan D. Hill was a "land motor vehicle" within the meaning of the exclusion. It was admittedly owned by a relative residing in the same household. The exclusion, therefore, is clearly applicable, precluding coverage under the stipulated facts, if it complies with the state law.

The sole attack made upon the exclusion by appellants is that it contravenes the provisions of T.C.A. § 56–1148, and is not authorized by any other provision of state

law, so that it is, in effect, illegal and contrary to the public policy of the state as contained in the uninsured motorist statutes.

At all times pertinent here, T.C.A. § 56–1148 provided that no automobile liability insurance policy should be issued in the state, covering any motor vehicle registered or principally garaged in the state, unless prescribed uninsured motorist coverage was provided therein, or unless "any insured named in the policy shall reject the coverage . . . ." The statute prescribes minimum limits for such coverage and requires that it be provided:

> ". . . subject to provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . ."

Alan D. Hill was a person insured under the automobile policy issued to his father.[1] Therefore, the statute mandates that uninsured motorist coverage be extended to him also, but "subject to provisions filed with and approved by the insurance commissioner . . . ."

It is stipulated by the parties that the policy of insurance issued by appellee to Mr. Hill "was approved by and is on file with the Tennessee Commissioner of Insurance." The exclusion in question, therefore, according to this stipulation, has official approval in the state.

Nevertheless, it is contended on behalf of appellants that such official approval is not determinative. It is insisted that the purported exclusion denies coverage to one who is otherwise covered, simply because he is occupying a vehicle owned by the named insured or a member of his family, but not scheduled on or covered by the underlying liability insurance policy.

Appellants insist that a person protected by the uninsured motorist endorsement is covered under most circumstances if injured by an uninsured motorist, and that the exclusion operates to produce arbitrary and illogical results. If the insured person is riding in a vehicle covered by the liability policy, and is struck by an uninsured motorist, he is usually covered;[2] similarly, if he is a pedestrian on a sidewalk or street, and is struck by an uninsured motorist, he is covered. Coverage is denied, however, if he is riding in another family vehicle not carried on the family liability insurance policy. It is insisted that such a result is contrary to the legislative purpose and intention, and to the underlying public policy of providing protection against injuries by uninsured motorists.

The issue presented has been the subject of a very large number of cases in the United States, and there is a substantial split of authority among the courts with respect to the validity of an exclusion such as that involved here.

On behalf of the insurance industry, it is argued that if the exclusion is stricken, then complete unrestricted coverage is provided to all members of the insured's family, while riding in an unscheduled family vehicle, although no premium was charged for such unscheduled vehicle and the vehicle itself is not covered by the liability insurance features of the policy. This position has been accepted by a number of courts, and in a very recent case, sustaining an exclusion similar to that involved here, the Arizona Court of Appeals, referring to earlier cases from that state, said:

> "We reasoned that to hold otherwise would allow an insured to purchase one liability policy with uninsured motorist

---

1. The liability coverage of the policy protected the named insured and residents of his household while operating the two automobiles scheduled on the policy. As previously stated, this policy did not provide liability coverage to anyone in the family while operating the motorcycle.

2. But see *Holt v. State Farm Mut. Automobile Ins. Co.,* 486 S.W.2d 734 (Tenn.1972), discussed later in this opinion, disallowing recovery if the injured person is excluded from the coverage of the underlying liability policy.

coverage and thereafter have such coverage extended to cover himself and occupants while driving any number of vehicles owned by him without paying any additional premium for this added coverage and risk." *Rodriquez v. Maryland Indemnity Insurance Company,* 24 Ariz. App. 392, 539 P.2d 196, 198 (1975).

Authorities accepting the rationale of the case just cited point out that vehicular liability insurance is ordinarily written upon and follows particular scheduled vehicles. It is not written upon named individuals, and is not like general health or accident insurance coverage.[3] The liability policy covers a scheduled vehicle, and extends its protection, through omnibus clauses, not only to the named insured but to members of his family and other persons using the vehicle with permission, subject to prescribed conditions and exclusions.

Other authorities, holding that exclusions such as that involved in the present case are not valid, have reasoned that uninsured motorist coverage should be analogized to broad personal insurance, and that it should not be geared to or limited by coverage on particular scheduled vehicles. They emphasize that the statutes speak in terms of "protection of persons" rather than vehicles.[4]

Both lines of authority are supported by cogent reasons. By statute, uninsured motorist insurance coverage is appended to or made supplemental to vehicular liability insurance, so that the concepts of vehicular coverage do have relevance; on the other hand, the statutes refer to the protection of persons, not vehicles.

Faced with these somewhat mixed concepts, the courts have had to construe statutory language in an attempt to carry out legislative policy. Each case, in the last analysis, turns upon the terms and provisions of a particular state statute and its language with respect to uninsured motorist coverage.

The Tennessee statutes on uninsured motorist insurance have been the subject of a number of reported cases. In addition to the general provisions of T.C.A. § 56–1148, prescribing uninsured motorist coverage, T.C.A. § 56–1152, at all times pertinent here, provided that none of the other statutory provisions on the subject should be construed as requiring insurance companies to afford limits in excess of those which "would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 59–1206."[5]

T.C.A. § 56–1152 further provides:

"Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits."

The uninsured motorist statutes of most states do not contain provisions similar to those contained in T.C.A. § 56–1152. In previous cases, this Court has noted the difference in statutory provisions, and has construed T.C.A. § 56–1152 as denoting "a legislative purpose to provide less than broad coverage." *Terry v. Aetna Casualty and Surety Company,* 510 S.W.2d 509, 513 (Tenn.1974). In the latter case, the Court sustained a policy provision providing an offset against the uninsured motorist coverage for any amount recovered under workmen's compensation.

**3.** For other cases sustaining an exclusion similar to that in the present case, see *Holcomb v. Farmers Insurance Exchange,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Nunley v. Turner,* 57 Mich.App. 473, 226 N.W.2d 528 (1975); *Shipley v. Am. Standard Ins. Co. of Wisconsin,* 183 Neb. 109, 158 N.W.2d 238 (1968).

**4.** The cases striking the exclusion usually turn upon definitions and terms used in the particular statutory provisions under consideration. Illustrative of the cases voiding an exclusion

similar to that involved in the present case are *State Farm Automobile Ins. Co. v. Reaves,* 292 Ala. 218, 292 So.2d 95 (1974); *Elledge v. Warren,* 263 So.2d 912 (La.App.1972); *Doxtater v. State Farm Mut. Automobile Ins. Co.,* 8 Ill. App.3d 547, 290 N.E.2d 284 (1972); *Lowery v. State Farm Mut. Automobile Ins. Co.,* 285 So.2d 767 (Miss.1974).

**5.** T.C.A. § 59–1206 is part of the State Financial Responsibility Law.

In the recent case of *State Automobile Mutual Insurance Company v. Cummings,* 519 S.W.2d 773 (Tenn.1975), this Court again gave effect to T.C.A. § 56–1152 stating:

"While we do not applaud either the draftsmanship or the existence of T.C.A. § 56–1152, we must give it the effect that its reasonable construction demands. The Legislature has stated that nothing in the Uninsured Motorist statutes is to be construed as requiring coverage beyond the sum of $10,000, either alone or in combination with similar coverage, and has expressly authorized all policies to contain provisions to avoid duplications of insurance and other benefits." 519 S.W.2d at 775.

In the case of *Smith v. Allstate Insurance Company,* 224 Tenn. 423, 456 S.W.2d 654 (1970), the Court sustained an exclusion in a policy provision requiring "physical contact" between an insured vehicle and an uninsured vehicle before uninsured motorist protection was applicable.

It was insisted that such a limitation on coverage was not valid under the Tennessee statutes. The Court held otherwise, citing cases from a number of jurisdictions, and also emphasizing that the Insurance Commissioner had approved the "physical contact" requirement.

The Court noted, in that opinion, that approval by the Commissioner "will not render policy endorsements invulnerable if they are violative of existing law." The Court found no conflict, however, between the statutes and the policy provision. It found that the limitation on coverage was reasonable, designed to protect the insurer from spurious claims. The provision was upheld although the Court recognized that in some cases "our ruling will work a hardship and likewise seem inequitable . . . ."

In the case of *Holt v. State Farm Mutual Automobile Insurance Co.,* 486 S.W.2d 734 (Tenn.1972), the Court upheld an exclusion in a liability insurance policy, denying coverage to members of the family or household of the insured. It also denied recovery under uninsured motorist coverage to a family member. As to the son's claim against the insurance carrier on an automobile owned by his mother which was not involved in the collision, the Court simply said:

"Certainly Jimmy cannot recover on the policy covering the automobile which was not involved in the accident." 486 S.W.2d at 736.

As to the automobile which was in the accident, the family exclusion was held valid, as was the definition of "uninsured motor vehicle".

In the *Holt* case the Court concluded that uninsured motorist coverage is closely related to the underlying liability insurance coverage to which it is appended. The exclusion of family members from the liability coverage effectively excluded them from uninsured motorist coverage under the facts of that case.[6] The Court said:

"Considering the Act as a whole, it would be a strained construction of the Act to say it requires an 'uninsured motor vehicle' be defined as to include uninsured motorist coverage for a person specifically excluded from liability coverage by the terms of the policy." 486 S.W.2d at 737.

The foregoing cases make it clear that the Court has given force and effect to the provisions of T.C.A. § 56–1152, the statutory authorization for exclusions from uninsured motorist coverage such as that involved here. The Court has also considered approval by the Insurance Commissioner to be a factor, although not conclusive, in determining the validity of policy provisions.

---

**6.** See discussion of the *Holt* case and many other cases on the subject in Note, 23 Drake L.Rev. 850 (1974), at pp. 856 et seq. The case was cited and followed in *Miles v. State Farm Mutual Ins. Co.,* 519 S.W.2d 378 (Mo.App. 1975); *Kay v. Kay,* 30 Utah 2d 94, 513 P.2d 1372 (1973). Its rationale was rejected in *Rodman v. State Farm Mut. Automobile Ins. Co.,* 208 N.W.2d 903 (Iowa, 1973).

We do not attach controlling significance to the fact that the named insured in the present case, Mr. Hill, specifically rejected uninsured motorist coverage on his son's motorcycle. It is apparent, however, that had such coverage been purchased, it would have covered his son Alan, since it would have been appended to the liability policy on which the motorcycle was scheduled. In that event, one of the reasons for the exclusion now under consideration becomes apparent; the family automobile policy exclusion would then have operated according to its terms so as to prevent a "duplication of insurance" as authorized by T.C.A. § 56-1152.

Under all of the circumstances, therefore, we are unable to say that the policy provision in question was not "designed" to avoid such duplication, or that it so conflicts with the underlying purpose of the uninsured motorist statutes, as construed in this state, that it must be deemed illegal and void.

We recognize that there is no duplication in the present case, because of the absence of uninsured motorist coverage on the motorcycle. Further, as recognized in the *Smith* case, *supra,* application of the exclusion results in there being no coverage at all under these particular circumstances. The statute does not speak in absolute terms, however, but authorizes the Commissioner to approve policy provisions and exclusions which "are designed to avoid duplication of insurance and other benefits." We cannot say that the present policy exclusion violates this statutory provision.

It accordingly results that the judgment of the trial court is affirmed at the cost of appellants.

FONES, C. J., BROCK and HENRY, JJ., and HYDER, Special Justice, concur.