**Haywood HOOKER, Sr., Individually and as next friend of Eugene Hooker, Appellees,**

v.

**Herman ROBINSON and Ira Booker [Cavalier Insurance Corporation, Appellant].**

Court of Appeals of Tennessee, Western Section.

Feb. 18, 1977.

Certiorari Denied by Supreme Court June 6, 1977.

Ed M. Hurley, Memphis, for appellant.

Timothy R. DiScenza, Memphis, for appellees.

MATHERNE, Judge.

The issue at bar is whether the uninsured motorist coverage on the automobile of Haywood Hooker, Sr. covered personal injuries received by his son Eugene Hooker as result of a collision between a motorcycle the son was riding and an uninsured automobile.

The trial judge held the uninsured motorist coverage applicable. The insurer appeals, insisting that: (1) the uninsured motorist coverage does not cover injuries received while the insured is riding an owned motorcycle; (2) the coverage does not apply because the owned motorcycle was covered by liability insurance with another company with which uninsured motorist coverage was expressly rejected in writing; and (3) the trial judge erred in disallowing the insurer's Rule 15.02 motion to alter and amend its answer.

The plaintiff Haywood Hooker, Sr. carried liability and uninsured motorist coverage on his 1966 Pontiac automobile with the defendant Cavalier Insurance Corporation. In 1973, Haywood Hooker, Sr. purchased a Suzuki motorcycle for his son, the plaintiff Eugene Hooker. Liability insurance was effected on the motorcycle with another insurance company, and Haywood Hooker, Sr. expressly rejected, in writing, uninsured motorist coverage under that policy written on the motorcycle.

Thereafter, on June 17, 1975, the plaintiff Eugene Hooker, while riding the motorcycle, was involved in a collision with an automobile owned by the defendant Ira Booker and driven by the defendant Herman Robinson, both of whom are allegedly uninsured.

The plaintiffs Hooker sued the two uninsured defendants. Service of process was had on Cavalier under T.C.A. § 56–1153. The plaintiffs filed for default judgment against Booker and Robinson, whereupon Cavalier moved to sever and resolve the issue of liability under its uninsured motorist policy issued to Haywood Hooker, Sr. on the 1966 Pontiac automobile. Severance was granted and both the plaintiffs and Cavalier moved for summary judgment. The trial court dismissed Cavalier's motion for summary judgment and granted the plaintiffs' motion for summary judgment. The trial court granted Cavalier a discretionary appeal.

The policy provisions under consideration are included in "Part IV—Family Protection Coverage" which provides in relevant part as follows:

Coverage J—Family Protection (Damages for Bodily Injury). To pay all sums which the insured or his legal representa-

tive shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

\* \* \* \* \* \*

Definitions. The definitions under Part I, except the definition of "insured," apply to Part IV, and under Part IV:

(a) the named insured and any relative;

(b) any other person while occupying an insured automobile; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above.

■ Haywood Hooker, Sr. is the named insured; his son, Eugene Hooker, is therefore an insured under Part IV of the policy. The insurer does not rely upon any exception or exclusion in the policy, but insists that Eugene Hooker was not covered under the policy while riding a motorcycle. We hold that Eugene Hooker was covered by the policy because he is a relative of the named insured. It matters not that Eugene Hooker was riding a motorcycle at the time he was injured. If those injuries are the result of his being hit by an uninsured automobile under circumstances resulting in the liability of the uninsured motorist, he is covered by the above quoted provisions of the policy. *Wilhite v. Tennessee Farmers Mutual Ins. Company* (Tenn.1974) 510 S.W.2d 885.

■ The insurer has no ground for complaint based on the fact that Haywood Hooker, Sr. purchased liability insurance on the motorcycle with another company and expressly waived, in writing, uninsured motorist coverage under that policy. There was no need for the insured to take out duplicate coverage against uninsured motorists. Under the terms of the policy being considered, as applied to the facts, the presence or absence of uninsured motorist coverage with another company has no bearing whatsoever on the coverage afforded. The existence of such additional insurance would, at the most, have only raised the issue of duplicate coverage. Compare *Hill v. Nationwide Mutual Ins. Co.* (Tenn. 1976) 535 S.W.2d 327.

■ The insurer claims error wherein the trial court denied its motion under Rule 15.02, Tennessee Rules of Civil Procedure, by which the insurer attempted to amend its pleadings to aver in substance that the express rejection of uninsured motorist coverage under the liability policy taken out on the motorcycle precluded uninsured motorist coverage as written in its policy on the automobile. As noted above, this defense, under the facts, has no bearing on the uninsured motorist coverage afforded under the policy issued to Haywood Hooker, Sr. on his automobile. It matters not whether the trial judge considered this claimed defense because it does not affect the coverage afforded under Cavalier's policy.

It results that all assignments of error are overruled and the judgment of the trial court is affirmed. This lawsuit is remanded to the Circuit Court sitting in Shelby County, Tennessee, for such further proceedings as the law directs.

CARNEY, P. J. (concurs).

NEARN, J. (concurs).