Precious GRAVES, Plaintiff-Appellant,

v.

TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section.

Jan. 4, 1984.

Application for Permission to Appeal Denied March 19, 1984.

Lewis K. Garrison, Memphis, for plaintiff-appellant.

Don G. Owens, Memphis, for defendant-appellee.

CRAWFORD, Judge.

Plaintiff, Precious Graves, appeals from the trial court's action in granting a summary judgment for Tennessee Farmers Mutual Insurance Company, the uninsured motorist carrier, served with summons by plaintiff in a suit against an uninsured motorist pursuant to Tenn.Code Ann. § 56–7–1201 (1980) *et seq*.

The pertinent facts are undisputed.

Tennessee Farmers issued its family combination automobile insurance policy to plaintiff's husband covering a 1974 Chevrolet Impala automobile providing various coverages including uninsured motorist coverage. Plaintiff by definition in the policy is an "insured" and also a "relative" of the named insured. While driving a 1969 Chevrolet automobile which she owned, but which was not described in and included in the Tennessee Farmers policy, plaintiff sustained injuries in a collision with an uninsured motorist.

The pertinent parts of the insurance policy are:

### Part IV—PROTECTION AGAINST UNINSURED MOTORISTS

Coverage J—Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; ...

\* \* \* \* \* \*

Definitions: The definitions under Part I, except the definition of "insured," apply to Part IV, and under Part IV:

"Insured" means:

(a) the named insured and any relative;

\* \* \* \* \* \*

"insured automobile" means:

(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded,

\* \* \* \* \* \*

Exclusions: This policy does not apply under Part IV:

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;

\* \* \* \* \* \*

The sole issue presented for review is:

Whether the uninsured motorist coverage of the Tennessee Farmers Mutual Insurance Company policy should extend to a collision involving an automobile owned and operated by plaintiff and not listed in the policy of insurance?

The trial court held that there was no coverage for plaintiff and we agree with the trial court.

Plaintiff relies upon *Hooker v. Robinson*, 552 S.W.2d 397 (Tenn.App.1977). We think this reliance is misplaced. In *Hooker*, the issue was whether the uninsured motorist coverage on the automobile of Hooker, Sr., covered a personal injury received by his son while driving a motorcycle owned by Hooker when it collided with an uninsured automobile. The insurance company contended, among other things, that the UM

coverage did not cover injuries received while the insured was riding an owned motorcycle. The court recited the insuring provisions of the contract which clearly included young Hooker as an insured entitling him to coverage *in the absence of any exclusion.* The court then specifically pointed out: "... The insurer does not rely upon any exception or exclusion in the policy ..." *Id.* at 399.

We do not disagree with the decision in *Hooker* for obviously insurance coverage should have been entended in the absence of an exclusion such as we have in the case sub judice. The case before us is controlled by *Hill v. Nationwide Mutual Insurance Company,* 535 S.W.2d 327 (Tenn. 1976), in which suit was brought against the insurer under the uninsured motorist provisions of a family automobile liability insurance policy seeking recovery of an unsatisfied judgment against the uninsured motorist. The minor plaintiff, Alan Hill, was driving a motorcycle which was owned by his older brother, Randall Hill, and both of the brothers lived with their parents, Mr. and Mrs. Ronald Hill. Coverage was claimed under the liability insurance policy issued to Mr. Hill on his two family automobiles described in the policy. The motorcycle owned by Randall and driven by Alan was not described in the insurance policy, but, in fact, was covered by a separate liability insurance policy. Mr. Hill's insurance policy with Nationwide contained four exclusions from uninsured motorist coverage, one of which was:

> "This endorsement does not apply: ... (b) to bodily injury to an Insured while occupying a land motor vehicle (other than an insured land motor vehicle) owned by a Named Insured or any relative resident in the same household ...."

*Id.* at 328.

The plaintiffs contended that the exclusion was illegal and contrary to the public policy of the state as expressed in the uninsured motorist statutes. The court noted that prior decisions of the court had given full force and effect to Tenn.Code Ann. § 56–1152, the statutory authoriza-

tion for exclusions from uninsured motorist coverage such as that involved in the case, upheld the exclusion as being valid, and held that there was no uninsured motorist coverage for plaintiffs under the policy.

The exclusion in Nationwide's policy in *Hill* is virtually identical to the exclusion in the Tennessee Farmer's policy in the case before us. The exclusion is clear and unambiguous that plaintiff is not entitled to coverage, and there is no dispute as to any material fact. Summary judgment was appropriate and was correctly granted by the trial court to Tennessee Farmers.

Accordingly, the judgment of the trial court is affirmed, and this case is remanded. Costs are adjudged against the appellant.

TOMLIN and HIGHERS, JJ., concur.