**Eugene E. SMITH and wife, Marye C. Smith, Plaintiffs–Appellants,**

v.

**Judy HOBBS and John Doe, Defendants–Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 10, 1992.

Application for Permission to Appeal Denied by Supreme Court Jan. 25, 1993.

Joel Porter, Memphis, for plaintiffs-appellants.

Robert F. Uhlmann, Memphis, for defendants-appellees.

CRAWFORD, Judge.

This case involves uninsured motorist coverage. The facts are undisputed. Eugene E. Smith was driving a motorcycle on Interstate 240 on March 29, 1986 and was involved in a collision with a vehicle driven by Judy Hobbs. The Hobbs vehicle was an uninsured motor vehicle as defined in T.C.A. § 56–7–1202 (1989) and it is conceded that Ms. Hobbs' negligence was the proximate cause of the collision. The motorcycle struck the left rear bumper of the automobile and Smith was thrown to the pavement, sustaining extremely severe head injuries which resulted in his death on August 11, 1987. Smith was the named insured under a family automobile policy issued by Appellee, Transamerica Insurance Company. Suit was brought against the uninsured motorist and Transamerica was served with process pursuant to T.C.A. § 56–7–1206(a) (1989). The trial court subsequently sustained Transamerica's motion for summary judgment on the basis of an exclusion in the policy, and denied UM coverage for Smith. Plaintiff, Mr. Smith's widow, has appealed and the sole issue on appeal is whether the coverage exclusion in the policy is valid and, if so, whether it applies under the facts of this case.

The pertinent parts of Transamerica's insurance policy issued to Smith are:

1. UNINSURED MOTORISTS COVERAGE: We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

\*     \*     \*     \*     \*     \*

"Covered person" as used in this Part means:

1. you or any family member.

\*     \*     \*     \*     \*     \*

EXCLUSION:

A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person:

1. while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy.

Smith owned the motorcycle he was riding but it was not listed as an insured vehicle under the insurance policy.

Plaintiff first argues that the exclusion relied upon by Transamerica is not permitted by the uninsured motorist statutes. Plaintiff asserts that T.C.A. § 56–7–1202, as it existed before the 1988 amendment, and as it exists now, defines uninsured motorist coverage. This is incorrect. These statutes merely specify what an uninsured motor vehicle is under the act. There is no dispute in the case before us that plaintiff's decedent was involved in an accident with an uninsured motor vehicle. The question in the case before us is whether, under the policy relied on, plaintiff's decedent had uninsured motorist coverage for a collision involving the vehicle which he owned and operated and which was not listed on the policy of insurance. This precise question has been answered in two reported cases in this state.

In *Hill v. Nationwide Mut. Ins. Co.*, 535 S.W.2d 327 (Tenn.1986), our Supreme Court considered the question in a case strikingly similar to the case at bar. In *Hill*, suit was brought against the insurer under the uninsured motorist provisions of a family automobile policy seeking recovery for an unsatisfied judgment against an uninsured motorist. The minor plaintiff, Hill, was driving a motorcycle which was owned by his older brother and both brothers lived with their parents. Coverage was claimed under a liability policy issued to plaintiff's father for two family automobiles described in the policy. The motorcycle which young Hill was driving was not described in the policy and the policy specifically excluded coverage for "bodily injury to an insured while occupying a land motor vehicle (other than an insured land motor vehicle) owned by a named insured or any relative resident in the same household." 535 S.W.2d at 328. The plaintiffs in that case made the same argument as the plaintiff before us that the exclusion was illegal and not allowed under the UM statute. The Supreme Court upheld the exclusion as being valid and held that there was no uninsured motorist coverage for the plaintiffs under that policy.

In *Graves v. Tennessee Farmers Mut. Ins. Co.*, 671 S.W.2d 841 (Tenn.App.1984), this Court considered the identical question, and following the decision in *Hill*, held that the exclusion was clear and unambiguous and coverage was denied.

Plaintiff also attempts to analogize this case with *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883 (Tenn.1991). In *Allstate* the court was concerned with a homeowner's policy which contained an exclusion for "bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, loading or unloading of any motorized land vehicle or trailer." Under the facts of the case the insured and his friend were working on a truck when a flammable liquid caught fire under the truck and the plaintiff who was working on the vehicle sustained serious burns. The plaintiff sued the homeowner alleging that homeowner was negligent in failing to warn him of the presence of the flammable substance and in picking up the flaming pan containing the liquid and then dropping it so as to burn plaintiff. Allstate denied coverage on the ground that the injuries arose out of the maintenance of an automobile. The Supreme Court concluded that the injury was caused in part by an excludable risk, maintenance of a vehicle, but that it was also caused in part by nonexcludable risks, negligence in failing to warn, and spilling flaming liquid. Appellant argues that *Allstate* is controlling because the negligence of an independent third party in the operation of an uninsured motor vehicle is not an excludable risk under the uninsured motorist provisions of the policy and this was the proximate cause of the collision and resulting damages. Appellant's reliance on *Allstate* is misplaced. In the case before us, we are not dealing with a causational exclusion, as in *Watts*. The exclusion before us is a class exclusion created by plaintiff's choice not to include his motorcycle as a covered vehicle on his liability policy. Under the facts of this case, the *Hill* and *Graves* decisions control.

Plaintiff's final argument is that the injuries were sustained from striking the pavement and not caused "while occupying" a

motor vehicle. The exclusion in question is "for bodily injury sustained by any person while *occupying*, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy." (Emphasis added.) Plaintiff claims that her decedent's injury was sustained when he hit his head on the pavement of the expressway and not while "occupying" his motorcycle. We must respectfully disagree. Had plaintiff's decedent not been occupying the motorcycle, the collision and resulting injury would not have occurred. This issue is without merit.

The order of the trial court granting summary judgment is affirmed and the case is remanded for such further proceedings as are necessary. Costs of the appeal are assessed against appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.