IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 1999 SESSIONS

## CHARLES L. WELBORN v. MELVIN K. SELLARS

**An Appeal from the Circuit Court for Rutherford County**
**No. 39114     Robert E. Corlew, Judge**

-------

**No. M1999-00164-COA-R3-CV - Filed August 16, 2000**

-------

This is an insurance case. The plaintiff was driving a motorcycle when he was involved in an accident with an automobile driven by an uninsured motorist. The plaintiff's motorcycle was not listed in his insurance policy. The plaintiff filed suit seeking damages for his injuries sustained in the accident. The plaintiff's insurance company moved for summary judgment in the case based on an exclusion in the plaintiff's insurance policy which denied uninsured motorist coverage for vehicles for which insurance was not afforded under the policy. The trial court granted the insurance company's motion and the plaintiff appealed. We affirm, finding that the policy exclusion applies to the plaintiff's motorcycle.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Wm. Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Charles L. Welborn.

Michael B. Leftwich, Nashville, Tennessee, for the appellee, Mid-Century Insurance, Company.

### OPINION

On September 16, 1997, Plaintiff/Appellant Charles Welborn ("Welborn") was driving a motorcycle when he collided with a truck driven by Defendant Melvin Sellars ("Sellars"). Welborn sustained serious physical injuries. Welborn owned the motorcycle he was driving at the time of the accident. Sellars' truck was an uninsured motor vehicle as defined in Tennessee Code Annotated § 56-7-1202 (Supp. 1999).

At the time of the accident, Welborn had an automobile insurance policy with Mid-Century Insurance Company ("Mid-Century"). The policy defined "your insured car" as "[t]he vehicle described in the Declarations of this policy or any private passenger car or utility car with which you replace it." The policy defined "private passenger car" and "utility car" as "four wheel land motor

vehicles." Welborn's policy listed one vehicle in its Declarations section, a 1981 Toyota Deluxe T truck. The motorcycle driven by Welborn in the accident was not listed on the policy.

Welborn's policy included coverage for accidents involving vehicles driven by uninsured motorists. The uninsured motorist coverage provided under Welborn's policy was subject to exclusions listed in the policy. The exclusion at issue in this case stated:

> This coverage does not apply to bodily injury sustained by a person:
>
> 1.        While occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy . . . .

The policy did not define "vehicle," but defined "motor vehicle" for purposes of the "Uninsured Motorist" section of the policy as "a land motor vehicle."

On October 21, 1997, Welborn filed suit against Sellars seeking to recover damages for his injuries. Sellars was served with process in the suit but did not file an answer. Mid-Century was also served with process pursuant to Tennessee Code Annotated § 56-7-1206(a) (Supp. 1999) as Welborn's uninsured motorist insurance carrier.

On May 19, 1999, Mid-Century filed a motion for summary judgment in the suit based on the exclusion described above. On December 29, 1998, the trial court entered an order granting Mid-Century's motion for summary judgment, stating that, "based on a policy exclusion, there was not uninsured motorist coverage under the policy for the incident . . . ." From this order, Welborn now appeals.

On appeal, Welborn argues that the trial court erred in granting summary judgment to Mid-Century. Welborn asserts that the definition of an insured vehicle under his policy is specifically limited to "four wheel land motor vehicles." He claims that, because he could not have obtained insurance under his policy on his motorcycle, a two wheel vehicle, the exclusion to uninsured motorist coverage should not apply.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

In *Smith v. Hobbs*, 848 S.W.2d 662 (Tenn. Ct. App. 1992), the plaintiff's husband was driving a motorcycle and was involved in an automobile accident with an uninsured motorist. *Id.*

at 662. He owned the motorcycle but had not listed it as an insured vehicle under his automobile insurance policy. *See id.* at 662-663. The husband eventually died as a result of injuries received in the accident. *See id.* at 662. An exclusion to the uninsured motorist coverage provided under his policy stated:

> A.   We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person:
>
> 1.   while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under the policy.

*Id.* at 662. The issue before the court was "whether, under the policy relied on, plaintiff's decedent had uninsured motorist coverage for a collision involving the vehicle which he owned and operated and which was not listed on the policy of insurance." *Id.* at 663.

The *Smith* court held, citing the Tennessee Supreme Court's decision in *Hill v. Nationwide Mut. Ins. Co.*, 535 S.W.2d 327, 328 (Tenn. 1986), that the exclusion in the husband's policy did not violate the uninsured motorist statutes. *Smith*, 848 S.W.2d at 663. The *Smith* court described the exclusion in husband's policy as "a class exclusion created by plaintiff's choice not to include his motorcycle as a covered vehicle on his liability policy." *Id.* at 663. The court found the exclusion was clear and unambiguous in its bar of uninsured motorist coverage for injuries sustained while occupying a vehicle not insured for coverage under the policy. *See id.* at 663. The court held that coverage should be denied for the husband's motorcycle accident on the basis of the exclusion. *Id.* at 664.

In *Hill v. Nationwide Mut. Ins. Co.*, relied upon in *Smith v. Hobbs*, the plaintiff was operating a motorcycle not listed on his policy when he was involved in a collision with an uninsured motorist. *Hill*, 535 S.W.2d at 328. The plaintiff's policy excluded uninsured motorist coverage for injury to the insured while operating a land motor vehicle owned by the insured but not insured under the policy. *See id.* The plaintiff argued that the exclusion should not be permitted under the uninsured motorist statutes because it produced "arbitrary and illogical results." *Id.* at 329. The plaintiff noted that coverage would be afforded if an insured were injured while operating a vehicle covered by the policy, or if he is a pedestrian injured by an uninsured motorist, but not if the injury occurs while operating a family vehicle not listed on the insurance policy. *See id.* The *Hill* court noted prior cases from other jurisdictions which reasoned that, to afford coverage to an insured while operating an uninsured vehicle:

> …would allow an insured to purchase one liability policy with uninsured motorist coverage and thereafter have such coverage extended to cover himself and occupants while driving any number of vehicles owned by him without paying any additional premiums for this added coverage and risk.

*Hill*, 535 S.W.2d at 329-30 (quoting ***Rodriguez v. Maryland Indemnity Ins. Co.***, 24 Ariz. App. 392, 539 P.2d 196, 198 (1975)).  The ***Hill*** court upheld application of the exclusion under the policy, noting that the plaintiff had declined uninsured motorist coverage on his son's motorcycle.  ***Id.*** at 331-32.

In this case, it is undisputed that the motorcycle driven by Welborn was not listed on his insurance policy.  Welborn distinguishes ***Smith*** and ***Hill***, noting that coverage under his policy was limited to "four wheel land motor vehicles" and that, consequently, his motorcycle could not have been an insured vehicle under his policy.  Welborn does not argue that his motorcycle was an uninsurable vehicle, only that coverage could not have been afforded under this policy.  We find that the reasoning in ***Hill*** and ***Smith*** must apply, and that the exclusion is enforceable under these circumstances.

Welborn argues that, even if the exclusion is enforceable, it does not apply to an insured while operating a motorcycle.  The exclusion at issue in this case denies uninsured motorist coverage for injuries sustained while "occupying any vehicle . . . owned by you or a family member for which insurance is not afforded under this policy."  Welborn's policy does not define the term "vehicle" alone; however, it defines the term "motor vehicle" for purposes of the "Uninsured Motorist" section of the policy as a "land motor vehicle."  The definition does not limit the meaning of the term "vehicle" to four wheel vehicles.  In light of this definition, as well as the court's holding in ***Smith***, we find that the terms of the policy's exclusion are met and that the trial court properly denied uninsured motorist coverage on that basis.  Therefore, we affirm the trial court's grant of summary judgment to Mid-Century.

The decision of the trial court is affirmed.  Costs are taxed against Appellant, Charles Welborn, for which execution may issue if necessary.

HOLLY KIRBY LILLARD, J.